**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.     Case No. 3:19-cr-20(S1)-MMH-MCR

PAUL BERKINS MOISE

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Appellant Moise's Motion for Release Pending [Appeal] (Doc. 165; Motion), filed August 10, 2022. The United States timely filed a response in opposition to the Motion. See United States' Response to Defendant's Motion for Release Pending Appeal (Doc. 166; Response), filed August 24, 2022. Accordingly, this matter is ripe for review.

On January 22, 2020, a federal grand jury returned a twenty-five-count Superseding Indictment (Doc. 45; Indictment) against Defendant Paul Berkins Moise. Following an eight-day trial, on April 29, 2021, the jury found Moise guilty as to Counts Seven through Eighteen and Counts Twenty-One through Twenty-Five of the Indictment. See Verdict Form (Doc. 105) at 3–7. The jury did not reach a verdict as to Counts One through Six.[1] See id. at 1–2. The Court adjudicated Moise guilty as to the counts for which the jury returned a verdict,

---

[1] The Court had previously dismissed Counts Nineteen and Twenty. See Order (Doc. 77), filed April 12, 2021.

and, on September 17, 2021, the Court sentenced Moise to a thirty-five-month term of imprisonment. See Judgment in a Criminal Case (Doc. 120), filed September 20, 2021. Moise then timely filed a Notice of Appeal (Doc. 122) on October 4, 2021. The Court ordered Moise to surrender to the Bureau of Prisons for service of his sentence no later than February 7, 2022. See Order (Doc. 161), filed February 3, 2022. In the Motion, Moise requests that the Court order his "release on bond pending the resolution of his appeal subject to the same conditions of release imposed prior to his conviction." Motion at 3.

Title 18, United States Code, section 3143(b) sets forth the standard for determining whether a person who has been found guilty of an offense and sentenced to a term of imprisonment may be released pending his or her appeal. See 18 U.S.C. § 3143(b). Under the statute, such a person must be detained unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in– (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Id. In United States v. Giancola, the Eleventh Circuit Court of Appeals defined a "substantial question" as "one of more substance than would be necessary to

a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." 754 F.2d 898, 901 (11th Cir. 1985) (per curiam). For example, a substantial question on appeal could be "one which is either novel, . . . has not been decided by controlling precedent, or . . . is fairly doubtful." Id. at 900 (quoting United States v. Miller, 753 F.2d 19, 23 (3rd Cir. 1985)). However, to find that a substantial question exists, the Court need not conclude that its rulings "are likely to be reversed on appeal." Id. Significantly, under § 3143, the Court presumes that detention is valid despite the pending appeal, and a defendant bears the burden of establishing the statutory factors to overcome this presumption. See id. at 900–01.

Here, Moise argues that he meets all of the factors to be entitled to release pending appeal. See Motion at 2. Importantly, Moise contends that his appeal raises a substantial question of law or fact about whether Moise is entitled to a new trial because of a comment that the prosecutor made during the Government's closing argument. See id. In its Response, the Government asserts that Moise has not raised a substantial question of law or fact because the prosecutor made the objectionable comment only once, the prosecutor was directly responding to one of Moise's arguments, the Court directed the jury to disregard the comment, Moise did not object to the adequacy of the Court's curative instruction or move for a mistrial, and ample evidence supported the jury's verdict. See Response at 4–6. Having carefully reviewed the filings and

the applicable law, the Court finds that Moise's appeal does not raise a substantial question of law or fact. Therefore, the Motion is due to be denied.[2] As the Court will deny the Motion on this basis, the Court need not consider whether Moise poses a risk of flight or a danger to the community or whether his appeal is for the purpose of delay.

Accordingly, it is

**ORDERED:**

Appellant Moise's Motion for Release Pending [Appeal] (Doc. 165) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on August 30, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record

---

[2] Nevertheless, Moise may seek release pending appeal from the Eleventh Circuit. The parties should file on this Court's docket copies of any filings they present to the Eleventh Circuit addressing release pending appeal. The parties should also file a copy of any Order from the Eleventh Circuit regarding this issue.